1  WILLIAM A. SOKOL, Bar No. 072740
   BRUCE A. HARLAND, Bar No. 230477
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5
   Attorneys for Defendants
6  SEIU, UNITED HEALTHCARE WORKERS – WEST

7  PATRICK GLENN, Bar No. 141604
   HANSON BRIDGETT, LLP
8  425 Market Street, 26th Floor
   San Francisco, CA 94105
9  Telephone 415.777.3200
   Fax 415.541.9366
10
   Attorneys for Defendants
11 THE PERMANENTE MEDICAL GROUP    E-filing

12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15
   SHAMANEEN Z. KHAN,                    ) No.
16                                        )
                Plaintiff,                ) NOTICE OF REMOVAL OF CIVIL
17                                        ) ACTION UNDER 28 U.S.C. SECTION
        v.                                ) 1441(b)
18                                        )
   THE PERMANENTE MEDICAL GROUP,          ) (FEDERAL QUESTION)
19 INCORPORATED, A CALIFORNIA             )
   CORPORATION, SEIU – UNITED             )
20 HEALTHCARE WORKERS – WEST, A           )
   CALIFORNIA CORPORATION and DOES 1-     )
21 50, INCLUSIVE,                         )
                                          )
22              Defendants.               )
                                          )
23 _____)

24

25

26

27

28
WEINBERG, ROGER &
   ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
       Suite 200
Alameda, CA 94501-1091
    510.337.1001

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       **PLEASE TAKE NOTICE THAT** Defendants SEIU, United Healthcare Workers – West

3  (the "Union" or "UHW") and The Permanente Medical Group ("PMG") hereby file with this Court

4  its Notice of Removal from the Superior Court of the State of California, for the County of

5  Alameda, Case No. HG08375316, entitled *Shamaneen Z. Khan v. The Permanente Medical Group,*

6  *et al.* The following statements are submitted pursuant to 28 U.S.C. § 1446:

7       1.   Defendants UHW have been served with the following documents:

8       Exhibit A – Summons for Defendant UHW; and

9       Exhibit B – Complaint for Damages Based on Religious Discrimination, (Failure to

10  Accommodate), Wrongful Termination in Violation of Public Policy and Infliction of Emotional

11  Distress.

12      2.   This Notice of Removal is filed within thirty days of Defendants having been served

13  with the above documents. Defendants UHW were served on or about March 7, 2008.

14      3.   At all times material herein, Defendant The Permanente Medical Group was an

15  employer within the meaning of 29 U.S.C. § 152 and 29 U.S.C. § 402(e). The activities of

16  Defendant PMG affect interstate commerce.

17      4.   At all times material herein, Defendant UHW was, and is, a labor organization

18  within the meaning of 29 U.S.C. § 152 and 29 U.S.C. § 402(i). None of the activities of Defendant

19  UHW affect interstate commerce.

20      5.   Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, confers upon

21  Federal Court subject matter jurisdiction over suits for violations of contracts between employers

22  and labor organizations. 29 U.S.C. § 185; *Stallcop v. Kaiser Found. Hosps.*, 829 F.2d 1044, 1048

23  (9th Cir. 1987). Union constitutions are "contracts" within the meaning of the Section 301(a). *See*

24  *Plumbers & Pipefitters v. Local 334*, 452 U.S. 615, 627, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981);

25  *see also Kinney v. IBEW*, 669 F.2d 1222, 1229-30 (9th Cir. 1982).

26      6.   Resolution of the Plaintiff's claims will require a determination of the Union's and

27  employer's obligations to the Plaintiff under the terms of the Collective Bargaining Agreement.

28  The analysis will be undertaken in accordance with 29 U.S.C. § 185. As such, despite being

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -
Notice of Removal of a Civil Action

1    couched in state law terms, the suit is subject to complete preemption. *See Franchise Tax Bd. v.*

2    *Constr. Laborers Vacation Trust Fund*, 463 U.S. 1, 23 (1983); *Newberry v. Pac. Racing Ass'n*, 854

3    F.2d 1142, 1146 (9th Cir. 1988). In addition, Plaintiff's claims that she appealed the Union's

4    decision not to represent her to the Union's Steward Council, which is pursuant to the Union's

5    Constitution and By-laws, so resolution of Plaintiff's claims will also require the analysis,

6    application, and interpretation of the Union's Constitution and By-Laws.

7        7.    Plaintiff in this matter essentially alleges that she was terminated without cause in

8    violation of the Collective Bargaining Agreement between UHW and PMG, and that the Defendant

9    Union and its agents breached a duty of fair representation owed to her by allegedly refusing to

10   represent her after she was terminated. Plaintiff's terms and conditions for employment are

11   determined by a Collective Bargaining Agreement between Defendant PMG and Defendant UHW.

12       8.    At all times herein Defendant PMG and Defendant UHW have been parties to a

13   written Collective Bargaining Agreement affecting commerce which has governed the employment

14   of the Plaintiff.

15       9.    Here, Plaintiff claims that Defendant PMG breached its contract with her by

16   terminating her. In addition, Plaintiff claims that Defendant UHW breached a duty of fair

17   representation owed to her arising under 29 U.S.C. § 158(b)(1)(a) and § 159(a). Where the state

18   law claims are based on the employer's and Union's conduct in relation to duties or obligations

19   arising from a particular Collective Bargaining Agreement, preemption under § 9 of the National

20   Labor Relations Act, 29 U.S.C. § 159, merges with preemption under § 301, 29 U.S.C. § 185, and

21   provides additional grounds for removal of jurisdiction.

22       10.   Defendants are entitled to remove this action to this Court pursuant to 28 U.S.C. §

23   1441(b).

24       11.   All parties who have been served or otherwise have knowledge of this have joined

25   in this Notice of Removal.

26       12.   This Superior Court for the County of Alameda is located in the Northern District

27   and therefore this court is the proper court for the removal of this action.

         WHEREFORE, Defendants hereby file this Notice of Removal.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -
Notice of Removal of a Civil Action

1    Dated: March April 1, 2008

2                                        HANSON BRIDGETT, LLP

3
                                   By: _____
4                                        PATRICK GLENN
                                         Attorneys for Defendants
5                                        The Permanente Medical Group

6
     Dated: March April 2, ___, 2008
7

8                                        WEINBERG, ROGER & ROSENFELD
                                         A Professional Corporation
9

10                                 By:   _____
                                         WILLIAM A. SOKOL
11                                       BRUCE A. HARLAND
                                         Attorneys for Defendant
12                                       SEIU, United Healthcare Workers – West

     118590/488369
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091

- 4 -

Notice of Removal of a Civil Action

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The Permanente Medical Group, Incorporated, a California Corporation,
SEIU - United Healthcare Workers-West, a California Corporation and
Does 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Shamaneen Z. Khan

**ENDORSED
FILED
ALAMEDA COUNTY**

MAR 0 7 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Hayward Hall of Justice
24405 Amador Street
Hayward, California 94544

CASE NUMBER:
*(Número del Caso):*
**H G 0 8 3 7 5 3 1 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eugene T. Franklin, Attorney At Law    Telephone: (510) 538-0969
22762 Main Street, Hayward, California 94541

DATE: MAR 0 7 2008    PAT SWEETEN    Clerk, by _____, Deputy
*(Fecha)*    EXECUTIVE OFFICER/CLERK    *(Secretario)*    *(Adjunto)*

**CECILIA ANCHUNDO**

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SEIU - United Healthcare Workers-West a California corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.    www.USCourtForms.com

 EXHIBIT  A
SUMMONS

1  Eugene T. Franklin [SBN124881]
   Barbara F. Green [SBN 150320]
2  Franklin Employment Law Group
   Attorneys At Law
3  22762 Main Street
   Hayward, California 94541
4  (510) 538-0969

5  Attorneys for Plaintiff
   Shamaneen Z. Khan

**ENDORSED**
**FILED**
ALAMEDA COUNTY

MAR 0 7 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

SUPERIOR COURT OF CALIFORNIA

ALAMEDA COUNTY

| | |
|---|---|
| Shamaneen Z. Khan,<br><br>          Plaintiff,<br><br>     vs.<br><br>The Permanente Medical Group,<br>Incorporated, a California Corporation,<br>SEIU - United Healthcare Workers-West,<br>a California Corporation and Does 1-50,<br>inclusive,<br><br>          Defendants. | Case No. **HG08375316**<br><br>**COMPLAINT FOR DAMAGES BASED ON RELIGIOUS DISCRIMINATION, (FAILURE TO ACCOMMODATE), WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AND INFLICTION OF EMOTIONAL DISTRESS**<br><br>**[UNLIMITED JURISDICTION]** |

### JURY DEMAND

Plaintiff Shamaneen Z. Khan ("Plaintiff Khan" or "Plaintiff") demands that this matter be tried by a jury  Plaintiff complains and alleges as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.  Plaintiff alleges on information and belief that defendant The Permanente Medical Group, Incorporated ("defendant Kaiser") is a California corporation, organized and doing business in the County of Alameda.  Defendant Kaiser is an employer subject to suit under the California Fair Employment and Housing Act, Government Code §12940(a), et. seq. ("FEHA"), in that defendant Kaiser is an employer who regularly employs five or more persons.

2. Plaintiff alleges on information and belief that defendant SEIU-United Healthcare Workers-West, Incorporated (defendant Union) is a California corporation, organized and doing business in the County of Alameda.  Defendant Union is an employer subject to suit under the California Fair

**EXHIBIT B**

-1-

1   Employment and Housing Act, Government Code §12940(a), et. seq. ("FEHA"), in that defendant

2   Union is an employer who regularly employs five or more persons.

3   3.       The true names and capacities of defendants named herein as DOES 1-50, inclusive, whether

4   individual, corporate, associate, or otherwise, are unknown to plaintiff who therefore sues such

5   defendants by such fictitious names pursuant to California Code of Civil Procedure, §474. Plaintiff

6   will seek leave of the court to amend her complaint to reflect the Doe defendants' true names and

7   capacities when they have been ascertained.  Each Doe defendant is a California resident.  All

8   references to any defendant in the singular or plural is intended to include all the Doe defendants.

9   4. Each Doe defendant is responsible in some manner for the events and injuries herein described

10  and each Doe defendant has caused damages thereby to plaintiff as herein alleged.  Further, each

11  defendant whether named or Doe defendant was the agent and/or employee of the other and was

12  acting within the course and scope of that agency and/or employment.

13  5.    On or about February 19, 2007, and March 26, 2007, plaintiff Khan filed a charge of

14  discrimination against defendants Kaiser and the Union with the Equal Employment Opportunity

15  Commission (EEOC).  See exhibits "A" and "B," which are incorporated herein by this reference

16  as though fully set forth herein.  Plaintiff Khan timely filed her charge of discrimination against

17  defendant Union; however, the EEOC failed to file plaintiff's charge of discrimination. As a result,

18  on March 5, 2008, plaintiff filed a second charge of discrimination against the Union because of the

19  EEOC's error. See exhibits "B," and "D" which are incorporated herein by this reference as though

20  fully set forth herein [see *Josephs v. Pacific Bell* (9th Cir 2006) 443 F.3d 1050, 1061]. These charges

21  of discrimination were filed within one year of the dates of the discrimination herein alleged against

22  defendants.

23  6.  On or about April 3, 2007, plaintiff Khan received notice from the DFEH through the EEOC of

24  her right to bring this action against defendant Kaiser, and plaintiff timely filed this action within one

25  year after the time specified in that notice.  A copy of this notice of right of action is attached to this

26  form, marked Exhibits "C" and is incorporated by this reference as though fully set forth herein.

27  7.    On or about March 5, 2008, plaintiff Khan received notice from the DFEH through the EEOC

28  of her right to bring this action against defendant Union, and plaintiff timely filed this action

1 within one year after the time specified in that notice. A copy of this notice of right of action is

2 attached to this form, marked Exhibits "E" and is incorporated by this reference as though fully set

3 forth herein.

4 8.    Alameda County is the proper venue under Gov. Code §§§ 12940(a), et seq. and 12965(b), in

5 that the unlawful employment practices complained of herein occurred in Union City, Alameda

6 County, California.

7 9.    On or about March 18, 1998, defendant Kaiser hired plaintiff Khan for the position of service

8 partner.  At the time of defendant Kaiser's termination of her employment, plaintiff had been

9 working as a medical assistant since about October 1998.  At all times relevant, plaintiff performed

10 and was willing and able to continue to perform her work duties in a satisfactory manner.

11 10.   At all relevant times, plaintiff Khan has been a member of Local 250 of the SEIU - United

12 Healthcare Workers-West, defendant SEIU UHW.

13 11.   Plaintiff is a devout Muslim and her creed requires that all Muslims make a once in a lifetime

14 Hajj, pilgrimage to Mecca in Saudi Arabia.  For the last several years, the Hajj had occurred in

15 December or January.  According to the Muslim religion, the pilgrimage each year is determined by

16 the sighting of the new moon in December or January.

17 12.   In or about January 2006, plaintiff planned her 2006 Hajj.  In January 2006, Plaintiff requested

18 defendant Kaiser grant her vacation during the period of about December 11, 2006 to about January

19 5, 2007.  Defendant Kaiser instead placed plaintiff on a waiting list for the dates of December 22,

20 26, 27, 29 and January 2, 2007, and granted her request for the other dates.

21 13. In or about January 2006, plaintiff complained to defendant Kaiser's manager, Debbie Henning-

22 Cook, that she needed all the dates requested for vacation because she was going on a religious

23 pilgrimage to Mecca during that period.  Defendant's manager told plaintiff to wait and see what

24 happened with the waiting list.

25 14.   In or about June 2006, plaintiff applied for vacation on January 8 to 10, 2007.  Defendant

26 Kaiser approved those dates.

27 15.   In or about October 2006, plaintiff again told defendant Kaiser's manager, Henning-Cook, that

28 she needed defendant Kaiser's approval for the dates of December 22, 26, 27, 29, 2006, and

1   January 2, 2007, because she had to go on the religious pilgrimage to Mecca during the period.  On

2   or about November 20, 2006 defendant's manager, Henning-Cook, told plaintiff that defendant

3   Kaiser would not approve those dates and that if plaintiff went on her pilgrimage on those dates,

4   defendant Kaiser would discipline her.

5   16.  Thereafter, plaintiff complained to defendant SEIU UHW about defendant Kaiser's conduct

6   toward her.  Plaintiff told defendant SEIU UHW's agent, shop steward Jackie (Last name unknown)

7   that she had requested vacation dates for a religious pilgrimage, that defendant Kaiser had denied

8   her those dates, and that defendant had threatened her with discipline if she used those dates to go

9   on her religious pilgrimage to Mecca.  Defendant SEIU UHW's agent Jackie told plaintiff that

10  defendant SEIU UHW could not do anything to help her and that defendant Kaiser could terminate

11  plaintiff's employment for job abandonment if plaintiff went on her religious pilgrimage on the dates

12  denied for vacation by defendant Kaiser.

13  17.  Thereafter, plaintiff also complained about defendant Kaiser's conduct to defendant SEIU

14  UHW's senior shop steward, Darlene Rubino, but defendant SEIU UHW's senior agent Rubino also

15  told plaintiff that defendant SEIU UHW could do nothing to help her.

16  18.  In or about December 2006, defendant Kaiser's managers, Debbie Hennington-Cook asked

17  plaintiff if she was still going on her pilgrimage.  Plaintiff answered affirmatively and again

18  requested defendant Kaiser's approval of the dates of December 22, 26, 27, 29, 2006, and January

19  2, 2007, for that purpose.  Manager Henning-Cook told plaintiff that defendant would not approve

20  the time off and that defendant would also not approve a leave of absence without pay for those

21  dates.

22  19.  On or about December 15, 2006, defendant Kaiser approved December 22, 2006, as a vacation

23  day for plaintiff but still refused to approve December 26, 27, 29, and January 2, 2007,

24  notwithstanding it knew or should known that its denial interfered with plaintiff's religious beliefs

25  and/or practices.

26  20.  On December 21, 2006, Plaintiff left the United States for her religious pilgrimage to Mecca,

27  Hajj.  Saudi Arabia officials announced that the 2006 Hajj, Muslim pilgrimage to Mecca, would

28  occur on December 26 to 30, 2006.

-4-

21.    On December 26, 27, 29, 2006, and January 2, 2007, plaintiff called defendant Kaiser to notify it that she was in Mecca for the pilgrimage.

22.    On or about January 16, 2007, defendant Kaiser by and through manager Henning-Cook and defendant's human resource department informed plaintiff that effective January 17, 2007, her employment would be terminated for job abandonment.

23.    On or about January 17, 2007, plaintiff complained to defendant SEIU UHW about defendant Kaiser's termination of her employment based on religious discrimination. Defendant SEIU UHW's agent, shop steward Darlene Rubino, told plaintiff, "We can not accommodate every religion," and defendant SEIU UHW did nothing to assist plaintiff with her complaint about religious discrimination against her by defendant Kaiser.

24.    On or about August 2, 2007, despite plaintiff's request for defendant Union file a grievance against defendant Kaiser, defendant SEIU UHW advised plaintiff that it would not pursue an unjust discipline grievance against defendant Kaiser on her behalf. On or about January 31, 2008, Kaiser Division Steward Council Appeal Board of defendant SEIU UHW upheld defendant SEIU UHW's decision not to pursue an unjust discipline grievance against defendant on behalf of plaintiff.

25.    As a proximate result of defendants' discriminatory actions against plaintiff Khan, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages/salary, benefits, and additional amounts of money plaintiff would have received but for defendants' discriminatory conduct. All the alleged damages will be established in an amount according to proof.

26.    Each defendant encouraged, participated in and/or ratified and approved the conduct of which complaint is herein made and the policies and practices giving rise to such conduct.

27.    The above-recited actions of defendants in discriminating and wrongfully terminating plaintiff's employment were done with malice, fraud, or oppression, and in reckless disregard of the plaintiff's rights under the FEHA within the meaning of Civ. Code § 3294.

### FIRST CAUSE OF ACTION
#### (As to Both Defendants)
#### (Religious Discrimination)

28.    Plaintiff hereby incorporates by reference the above Paragraphs as if fully set forth herein.

-5-

29.    At all times herein mentioned, Government Code § 12940(a), et seq., was in full force and effect and were binding upon defendants.  These statutes require defendants to refrain from discriminating against any employee on the basis of religion, among other things.

30.    Defendants' discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of plaintiff's religion, in violation of FEHA § 12940(a), et seq

31.    Defendants discriminated against plaintiff on account of her religion.  Therefore, defendants' conduct warrants the assessment of punitive damages.

## SECOND CAUSE OF ACTION
### (As To Both Defendants)
### (Failure To Accommodate)

32.    Plaintiff incorporates by reference the above paragraphs of this complaint, as though fully set forth.

33.    At all times herein mentioned, California Government Code § 12940(a), et seq., was in full force and effect and were binding upon defendants.  These statutes required defendants to provide a reasonable accommodation plaintiff's sincerely held Muslim religious beliefs.  Such accommodation would not have imposed an undue hardship on defendants.

## THIRD CAUSE OF ACTION
### (As To Both Defendants)
### (Failure to Prevent Religious Discrimination)

34.    Plaintiff incorporates by reference the above paragraphs of this complaint, as though fully set forth.

35.    As above-described, defendants failed to take immediate and appropriate corrective action to stop this discriminatory conduct against plaintiff.  Furthermore, before the discrimination occurred, defendants and each of them failed to take all reasonable steps to prevent such discrimination from occurring.  Defendants' conduct violated California Gov. Code § 12940(a), et seq.

36.    Defendants knew or should have known of these discriminatory actions because the actions complained of herein were carried out by defendants' management and/or supervisory personnel.

-6-

1    37.  Defendants' conduct was extreme and outrageous and done with reckless disregard of the

2    consequences to plaintiff.

3                        **FOURTH CAUSE OF ACTION**
                            (As To Defendant Kaiser Only)
4       [Wrongful Termination In Violation Of Public Policy]

5    38.  Plaintiff incorporates by reference the above paragraphs of this complaint, as though fully set

6    forth.

7    39.  Defendants discriminated against plaintiff when they conspired to terminated and/or when

8    defendants terminated and refused to prevent the termination of plaintiff's employment because she

9    needed a reasonable accommodation for her religious beliefs.

10   40.  As a result of defendants' intentional, malicious and unlawful termination of her employment,

11   plaintiff has lost her salary, employment benefits, and other compensation, in an amount to be proven

12   at trial.  In addition, plaintiff suffered emotional pain, suffering, and mental anguish, in an amount

13   to be proven at trial.

14                      **DECLARATORY RELIEF ALLEGATIONS**

15   41.  Plaintiff incorporates by reference the above paragraphs of this complaint, as though fully set

16   forth.

17   42.  An actual controversy exists between plaintiff and defendants concerning their respective

18   rights and duties.  Plaintiff contends that defendants violated her rights under the FEHA by denying

19   her a reasonable  accommodation for her religious beliefs and by retaliating against plaintiff by

20   terminating her employment because she went on a religious pilgrimage to Mecca.  Plaintiff is

21   informed and believes and based thereon alleges that defendants and each of them deny plaintiff's

22   allegations.  Declaratory relief is therefore necessary and appropriate.

23   43.  Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including

24   but not limited to a declaration of defendants' duty to comply with the requirement of the FEHA.

25         WHEREFORE, PLAINTIFF prays judgment against Defendants and each of them, as

26   follows:

27            a.      For general damages for religious discrimination, failure to accommodate

28   plaintiff's religious beliefs, failure to prevent discrimination and wrongful termination in

     violation of public policy according to proof at trial;

                                        -7-

b.    For compensatory damages according to proof, including lost earnings and other employee benefits, and damages for emotional distress, humiliation and mental anguish. See Government Code § 12970;

c.    For interest on the amount of losses incurred in earnings and other employee benefits at the prevailing legal rate;

d.    For punitive damages in accordance with Civil Code §3294 in an amount appropriate to punish defendants for their wrongful conduct and set an example for others;

e.    For an order directing defendant Kaiser to reinstate plaintiff to her position, with all back pay and employee benefits; and

f.    For such other and further relief as the court deems proper.

WHEREFORE, Plaintiff prays as incident to any judgment obtained against Defendants:

For reasonable attorneys' fees pursuant to Government Code §12965(b) and costs of suit incurred by Plaintiff.

Dated: March 6, 2008            FRANKLIN EMPLOYMENT LAW GROUP

By: _____
EUGENE T. FRANKLIN
Attorneys For Plaintiff

-8-

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 555-2007-00370 |

| California Department Of Fair Employment & Housing | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Shamaneen Z. Khan | (510) 429-1718 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 34225 Aspen Loop, Union City, CA 94587 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| KAISER PERMANENTE | 500 or More | (510) 675-3080 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3553 Whipple Rd, Union City, CA 94587 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
01-17-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in March 1998. My most recent job title was Medical Assistant. In January 2006, I applied for vacation to go on a religious pilgrimage to Saudi Arabia. Throughout the year, I made several attempts to arrange the time off, but was not approved for the complete vacation. In December 2006, I left for Saudi Arabia. I returned to work and was discharged on January 17, 2007. When I complained to Darlene Rufino (Shop Steward) on January 18, 2007, her response was "We cannot accommodate every religion."

Respondent's stated reason for the discharge was job abandonment.

I believe that I have been discriminated against because of my religion, Muslim, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 3/26/07        X _____ <br> Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED
APR 0 2 2007
EEOC-SFDO

# EXHIBIT B

MAR-05-2008  15:29                                                                P.05



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA 94105
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
San Francisco Status Line: (866) 408-8075
San Francisco Direct Dial: (415) 625-5602
TTY (415) 625-5610
FAX (415) 625-5609

March 5, 2008

Franklin Employment Law Group
Eugene T. Franklin
22762 Main Street
Hayward, CA 94541-5114

RE:    Shamaneen Z. Khan v. SEIU-United Healthcare Workers-West
       EEOC Charge # 550-2008-01147

Dear Mr. Franklin:

This is to confirm that the Equal Employment Opportunity Commission (EEOC) received a minimally sufficient questionnaire from your client on February 26, 2007 which named SEIU-United Healthcare Workers-West as a Respondent. As the most recent date of violation was January 18, 2007, your client filed the questionnaire within the timely period. While this Respondent was not given notice of the charge due to an administrative error, the date of charge filing relates back to the date this office received the questionnaire.

If you have any further questions, please do not hesitate to contact me at (415) 625-5613 or michael.baldonado@eeoc.gov.

Sincerely,

Michael Baldonado
Acting District Director

TOTAL P.05

# EXHIBIT C

STATE OF CALIFORNIA - State and Consumer Services Agency

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

(SEE ADDRESS CHECKED BELOW)

ARNOLD SCHWARZENEGGER, Governor

TTY # (800) 700-2320

☐ **H** 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C** 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **S/T** 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☑ **M** 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E** 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D** 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ **A** San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G** 111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **C** 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date:        April 3, 2007

Case Name:   SHAMANEEN KHAN VS KAISER PERMANENTE

EEOC No:     555-2007-00370

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Wanda J. Kirby*

WANDA J. KIRBY
Chief Deputy Director

# EXHIBIT D

STATE OF CALIFORNIA – State and Consumer Services Agency

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ 1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ 1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ 611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☒ 1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ 2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ 1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☐ San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2873

☐ 2570 North First Street, Suite 480
San Jose, CA 95131
(408) 325-0344

☐ 2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date: March 5, 2008

Case Name: SHAMANEEN Z. KHAN vs. SEIU-UHW
UNITED HEALTHCARE WORKERS-WEST

EEOC No: 550-2008-01147

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC to another agency.

The DFEH does not retain case records beyond three years after a complaint is filed.

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice.
Remember, this Right-To-Sue Notice allows you to file a private lawsuit in State Court.

Sincerely,

Wanda Y. Kirby
Chief Deputy Director

DFEH-200-02 (05/07)

## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective April 15, 2005

---

### Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.**

Rev 4/05

# EXHIBIT E

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 550-2008-01147 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Shamaneen Z. Khan | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 34225 Aspen Loop, Union City, CA 94587 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SEIU-UHW-UNITED HEALTHCARE WORKERS- | Unknown | (510) 251-1250 |

| Street Address | City, State and ZIP Code |
|---|---|
| 560 Thomas L. Berkeley Way,  Oakland, CA 94612 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☒ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
01-17-2007

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Kaiser Permanente in March 1998, my most recent job title was Medical Assistant. In January 2006, I applied for vacation to go on a religious pilgrimage to Saudi Arabia. Throughout the year, I made several attempts to arrange the time off but was not approved for the complete vacation. In December 2006, I left for Saudi Arabia. I returned to work and was discharged on January 17, 2007. When I complained to Darlene Rufino (Shop Steward for Respondent) on January 18, 2007, she refused to represent me in the grievance process.

Respondent's stated reason for failing to represent me in the grievance process was that it "cannot accommodate every religion."

I believe I have been discriminated against because of my religion, Muslim, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3·5·08 _____ Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

1

**PROOF OF SERVICE**

2

    I am a citizen of the United States, and a resident of the State of California. I am over the

3

age of eighteen years, and not a party to the within action. My business address is 1001 Marina

4

Village Parkway, Suite 200, Alameda, California 94501-1091. On April 2, 2008, I served upon the

5

following parties in this action:

6

    Eugene T. Franklin
    Attorney at Law

7

    22762 Main Street
    Hayward, CA 94541

8

copies of the document(s) described as:

9

10

**NOTICE OF REMOVAL OF A CIVIL ACTION; and CIVIL CASE COVER SHEET**

11

[X]   **BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope,

12

addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar

13

with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

14

15

[ ]   **BY PERSONAL SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused the same to be delivered by hand to the offices of each addressee.

16

17

[ ]   **BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for

18

collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice

19

of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business,

20

Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

21

22

[ ]   **BY FACSIMILE**  I caused to be transmitted each document listed herein via the fax number(s) listed above or on the attached service list.

23

    I certify that the above is true and correct. Executed at Alameda, California, on April 2,

24

2008.

25

26

Rhonda Fortier-Bourne

27

118636/489142

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Proof of Service