1  WILLIAM A. SOKOL, Bar No. 072740
   BRUCE A. HARLAND, Bar No. 230477
2  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
3  1001 Marina Village Parkway, Suite 200
   Alameda, California 94501-1091
4  Telephone 510.337.1001
   Fax 510.337.1023
5
   Attorneys for Defendant
6  SERVICE EMPLOYEES INTERNATIONAL UNION,
   UNITED HEALTHCARE WORKERS – WEST
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 SHAMANEEN Z. KHAN,                           ) No.   C-08-01783 WHA
                                                )
12            Plaintiff,                        ) **NOTICE OF MOTION AND MOTION**
                                                ) **AND MEMORANDUM IN SUPPORT**
13     v.                                       ) **THEREOF TO DISMISS COMPLAINT**
                                                ) **FOR DAMAGES BASED ON**
14 THE PERMANENTE MEDICAL GROUP,                ) **RELIGIOUS DISCRIMINATION,**
   INCORPORATED, A CALIFORNIA                   ) **(FAILURE TO ACCOMMODATE),**
15 CORPORATION; SEIU -- UNITED                  ) **WRONGFUL TERMINATION IN**
   HEALTHCARE WORKERS – WEST, a                 ) **VIOLATION OF PUBLIC POLICY**
16 California Corporation and DOES 1-50,        ) **AND INFLICTION OF EMOTIONAL**
   INCLUSIVE,                                   ) **DISTRESS FOR FAILURE FOR**
17                                              ) **STATE A CLAIM FOR WHICH**
              Defendants.                       ) **RELIEF CAN BE GRANTED**
18                                              )
                                                ) **[FED.R.CIV.PROC. 12(b)(6)]**
19                                              )
                                                ) Date:   May 29, 2008
20                                              ) Time:   8:00 a.m.
                                                ) Judge:  William H. Alsup
21                                              ) Courtroom:   9, 19th Floor
                                                )
22 _____

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

NOTICE OF MOTION .......................................................................................................... 1

I.    INTRODUCTION ...................................................................................................... 1

II.    STATEMENT OF FACTS ........................................................................................ 3

III.    LEGAL STANDARD ............................................................................................... 5

IV.    ARGUMENT ............................................................................................................. 6

    A.    Plaintiff's State Law Claims Are Essentially Claims Alleging Breach Of The Duty Of Fair Representation And Are Preempted By Federal Labor Law ........................................................................................... 6

        1.    Duty of Fair Representation ....................................................................... 6

        2.    Section 301 of the LMRA .......................................................................... 8

    B.    Plaintiff's Claims Should Be Dismissed Because They Are Barred By The Six-Month Statute Of Limitations ............................................................ 9

    C.    The Union Did Not Breach Its Duty Of Fair Representation To Plaintiff .................................................................................................... 10

V.    CONCLUSION ....................................................................................................... 11

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

i

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

# TABLE OF AUTHORITIES

**Federal Cases**

*Allis-Chalmers Corp. v. Lueck*,
　471 U.S. 211 (1985) .......................................................................................................... 8

*Balistreri v. Pacifica Police Dept.*,
　901 F.2d 696 (9th Cir. 1990) ............................................................................................ 5

*Cahill v. Liberty Mut. Ins. Co.*,
　80 F.3d 336 (9th Cir. 1996) .............................................................................................. 5

*Celotex Corp. v. Catrett*,
　477 U.S. 317 (1986) .......................................................................................................... 5

*DelCostello v. IBT*,
　462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) .................................................... 9

*Franchise Tax Bd. v. Laborers Vacation Trust*,
　463 U.S. 1 (1982) .............................................................................................................. 8

*Galindo v. Stoody Co.*,
　793 F.2d 1502, 1509 (9th Cir. 1986) ........................................................................... 9, 10

*Johnson v. USPS*,
　756 F.2d 1461 (9th Cir. 1985) ........................................................................................ 10

*Lingle v. Norge Div. of Magic Chef, Inc.*,
　486 U.S. 399 (1988) .......................................................................................................... 8

*Madison v. Motion Picture Set Painters and Sign Writers Local 729*,
　132 F.Supp.2d 1244 (C.D.Cal. 2000) ........................................................................ 6, 7, 9

*Newberry v. Pac. Racing Ass'n*,
　854 F.2d 1142 (9th Cir. 1988) .......................................................................................... 8

*Peterson v. Kennedy*,
　771 F.2d 1244 (9th Cir. 1985) .................................................................................. 6, 7, 10

*Stallcop v. Kaiser Found. Hosps.*,
　820 F.2d 1044 (9th Cir. 1987) .......................................................................................... 8

*Vaca v. Sipes*,
　386 U.S. 171, 207 (1967) ...................................................................................... 2, 3, 4, 10

**Federal Statutes**

29 U.S.C. § 159(a) ................................................................................................................ 6, 7

29 U.S.C. § 184(a) ..................................................................................................................... 8

29 U.S.C. § 185 .............................................................................................................. 3, 6, 8

**Federal Rules**

Fed.R.Civ.Proc. 12(b)(6) ........................................................................................................... 1

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

ii

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

**NOTICE**

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that defendant SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS – WEST, will move, and hereby does move, this Court for an Order granting its Motion to Dismiss on May 29, 2008, at 8:00 a.m., or as soon as thereafter as the matter may be heard, in Courtroom 9, of the above-entitled Court, located at 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102. This motion is brought under Federal Rules of Civil Procedure 12(b)(6).

In support of this motion defendant relies upon this Notice of Motion and Motion; the Memorandum of Points and Authorities filed in support herewith; the Declaration of Eric Smith; and the Proposed Order, attached herewith; and any and all relevant papers in the courts file.

## I.    INTRODUCTION

Plaintiff Shamaneen Z. Khan has sued Defendant Service Employees International Union, United Health Care Workers – West ("UHW" or the "Union") because she claims that the Union failed to represent her after her employer, Defendant The Permanente Medical Group ("TPMG"), denied her vacation request and then terminated her for not reporting to work. Although crafted as claims for "religious discrimination" against the Union under California's Fair Employment and Housing Act ("FEHA"), Plaintiff's claims, in reality, involve whether or not the Union breached its duty of fair representation to her: (1) by allegedly telling her that the Union could not do anything for her after TPMG denied her vacation request in December 2006; (2) by allegedly failing and refusing to represent her in the grievance process on January 17, 2007; and (3) by allegedly refusing to file a grievance on her behalf on August 2, 2007.

Plaintiff's claims are preempted by federal labor law because they essentially allege that the Union breached its duty of fair representation to her and require the Court to interpret and apply the collective bargaining agreement between the Union and TPMG. Assuming that Plaintiff's allegations are true for the purposes of this motion to dismiss, her claims should be dismissed as they are barred by the applicable statute of limitations. There is a six month statute of limitations for duty of fair representation claims and claims preempted by Section 301 of the Labor

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1

Management Relations Act ("LMRA"), 29 U.S.C.§ 185.  Plaintiff's lawsuit is barred by the six-month statute of limitations, as she filed and served it almost fourteen months after she claims that she first knew that the Union breached its duty of fair representation.  For this reason alone, Plaintiff's lawsuit should be dismissed for failure to state a claim.

Furthermore, if the Court, in its discretion, should decide to consider the extrinsic evidence submitted with this motion and to treat this motion as a motion for summary judgment under Rule 56 of Federal Rules of Civil Procedure, the undisputed evidence demonstrates that the Union did not its breach its duty of fair representation.  A Union breaches its duty of fair representation only if it acts arbitrarily, capriciously, or in bad faith.  *Vaca v. Sipes*, 385 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).  Contrary to Plaintiff's claims, the Union did everything it could to represent her; it even initially filed a grievance on her behalf, although the Union later declined to pursue the grievance because the Union, ultimately, determined that the grievance was without merit.

In fact, several Union stewards worked closely with Plaintiff in an effort to make her pilgrimage a reality, despite the fact that the needs of the department and Plaintiff's low seniority made it difficult to accommodate her vacation request.  Because of their efforts, she was able to receive most, but not all, of the vacation days she requested with the exception of a few days before and after December 25, 2006.  The Union warned Plaintiff that if she did not show up to work on the days she was scheduled to work, she could be terminated; she did not heed this warning.  Rather, after the pilgrimage ended on December 30, 2006, Plaintiff failed to answer several letters from her employer and failed to report to work.  She was then terminated.  The Union filed a grievance for her.  The grievance was denied.  The Union did not pursue the grievance to arbitration because it lacked merit, given the fact that Plaintiff failed to show up for work.  Plaintiff exercised her right to appeal the Union's decision to the Steward's Council, which is comprised of other Kaiser employees, elected by their co-workers.  The Steward's Council reviewed the case, and determined that the case lacked merit.

Accordingly, even if Plaintiff's claim could somehow survive the Union's motion to dismiss and is not barred by the six-month statute of limitations, and the Court decided to consider

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

2

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

extrinsic evidence, the Union should be granted summary judgment because there is no issue of material fact in dispute and the Union is entitled to judgment as a matter of law.

## II. STATEMENT OF FACTS

Prior to her termination, Plaintiff worked for TPMG as a medical assistant. (Compl. at ¶ 9.) As a medical assistant at TPMG, Plaintiff was a member of SEIU, United Healthcare Workers – West (formerly SEIU, Local 250). (*Id.*)

Plaintiff is a devout Muslim, and in or about January 2006, she planned to take a Hajj – a pilgrimage – to Mecca, Saudi Arabia in December 2006 or January 2007. (*Id.* at ¶¶ 11-12.) The exact date of the Hajj is determined by the sighting of the new moon in December or January, and officially announced by Saudi Arabian officials. (*Id.* at ¶¶ 11, 20.) In an effort to plan for her Hajj, in January 2006, Plaintiff requested vacation from December 11, 2006 to January 5, 2007. (*Id.* at ¶ 12.) TPMG placed Plaintiff on a waiting list for five days of the requested vacation – December 22, 26, 27, 29 and January 2, 2007 – but granted her the other twenty days of vacation that she requested. (*Id.* at ¶ 12.)

After receiving twenty days off and being put on a wait list for the remaining five days, Plaintiff explained to her manager, Debbie Hennings-Cook, that she needed all of the dates off, because she would be traveling to Mecca for a religious pilgrimage. Ms. Hennings-Cook responded that Plaintiff should "wait and see what happened with the waiting list." (*Id.* at ¶ 14.) Six months later, in June 2006, Plaintiff applied for additional vacation time. This time, she requested January 8 to January 10, 2007 as vacation dates. TPMG approved those dates. (*Id.* at ¶ 14.) However, Plaintiff still remained on a waiting list for five dates in December 2006.

In October 2006, Plaintiff told her manager, Ms. Hennings-Cook, that she still needed approval for December 22, 26, 27, 29, 2006 and January 2, 2007. (*Id.* at ¶ 15.) A month later, Ms. Hennings-Cook allegedly responded that TPMG would not approve those vacation dates, and if Plaintiff did not report to work on those days, then she would be disciplined. (*Id.*) After Ms. Hennings-Cook told her that TPMG would not approve those dates, and if she did not show up to work, she would be disciplined, Plaintiff complained to her Union, UHW. (*Id.* at ¶ 16.)

After her discussion with Ms. Hennings-Cook in November 2006, Plaintiff told a UHW

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

3
SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

Shop Steward that "she had requested vacation dates for a religious pilgrimage," that TPMG did not approve those dates, and that TPMG threatened her with discipline if she did not report to work on those dates. (*Id*.) The Union Shop Steward allegedly told Plaintiff that "UHW could not do anything to help her" and that TPMG could terminate her for job abandonment if she did not report to work on the dates that she was not approved to take vacation. (*Id*.) In addition, Plaintiff also complained to a Senior Shop Steward, Darlene Rubino, who allegedly told Plaintiff that "UHW could do nothing to help her." (*Id*. at ¶ 17.)

In December 2006, Ms. Hennings-Cook asked Plaintiff if she still planned to go on her pilgrimage. Plaintiff responded affirmatively and then reiterated her request to take December 22, 26, 27, 29, 2006 and January 2, 2007 as vacation days. (*Id*. at ¶ 18.) Ms. Hennings-Cook allegedly responded that TPMG would not approve those days as vacation days, and would not allow Plaintiff to take those days as unpaid leaves of absence. (*Id*.) But, on December 15, 2006, TPMG agreed to allow Plaintiff to take December 22, 2006 as a vacation day, although it still refused to approve December 26, 27, 29, 2006 and January 2, 2007 as vacation days. (*Id*. at ¶ 19.)

On December 21, 2006, Plaintiff traveled to Mecca. Five days later, Saudi Arabian officials announced that the Hajji would occur between December 26, 2006 and December 30, 2006. (*Id*. at ¶ 20.) On December 26, 27, 29, 2006 and January 2, 2007, Plaintiff notified TPMG that she would not be reporting to work, because she was in Mecca. (*Id*. at ¶ 21.) In total, Plaintiff had received all but four of the days that she had requested for vacation.

Although the pilgrimage ended on December 30, 2006, Plaintiff did not report to work after December 30, 2006. On January 4, 2007, Ms. Hennings-Cook sent Plaintiff a letter requesting that she report to work by January 5, 2007. (Decl. of Eric Smith ("Smith Decl.") at ¶ 9, Exh. C.) On January 5, 2007, Ms. Hennings-Cook sent another letter to Plaintiff, requesting that Plaintiff contact her. (*Id*. at ¶ 10, Exh. D.) On January 12, 2007, after hearing nothing from Plaintiff, Ms. Hennings-Cook sent Plaintiff a third letter, requesting that Plaintiff not report to work but to call her to set up a meeting. (*Id*. at ¶ 11, Exh. E.) Finally, on January 17, 2007, the employer terminated Ms. Khan. (Compl. at ¶ 22)

Plaintiff, on January 17, 2007, complained to a UHW Shop Steward about her termination,

but alleges that the Shop Steward "refused to represent [her] . . . in the grievance process." (Compl. at ¶¶ 7, 24, Exh. E.) However, the Union did file a grievance on behalf of Plaintiff on or about January 23, 2007, alleging that she was terminated without just cause. (Smith Decl. at ¶ 5.) On August 2, 2007, after fully investigating and reviewing Plaintiff's grievance, and determining that her grievance lacked merit, the Union "decided not to further pursue . . .[the] unjust discipline grievance" on behalf of Plaintiff. (Compl. at ¶ 24; Smith Decl. at ¶ 6, Exh. A.)

### III.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a dismissal is proper where there is a total "lack of a cognizable legal theory" or there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on a 12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Given this standard, and thus assuming all of the well-pleaded factual allegations as true for the purposes of this motion, Plaintiff fails to establish either sufficient facts to sustain its action under any existing legal theory, and/or fails to state a cognizable legal theory on which to bring its action. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim.

Alternatively, while the Union believes that the Court need not refer to extrinsic evidence to dismiss Plaintiff's lawsuit, if the Court decides to consider such evidence, then the Union should be granted summary judgment. Summary judgment is appropriate when there is a lack of a genuine, triable issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). As stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Because there is no genuine issue as to any material fact, the Union is entitled to judgment as a matter of law, the Court should grant summary judgment for the Union.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

5
SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

## IV. ARGUMENT

### A. PLAINTIFF'S STATE LAW CLAIMS ARE ESSENTIALLY CLAIMS ALLEGING BREACH OF THE DUTY OF FAIR REPRESENTATION AND ARE PREEMPTED BY FEDERAL LABOR LAW.

The essence of Plaintiff's lawsuit is that the Union breached its duty of fair representation to her when it "did nothing to assist" her with her complaint of religious discrimination and wrongful termination. Plaintiff's claims are preempted on two grounds: First, Plaintiff's claims are preempted because the "conduct at the heart of the controversy" involves whether or not the Union breached its duty of fair representation to Plaintiff. Second, Plaintiff's claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because Plaintiff's claims require the Court to look to and interpret the parties' collective bargaining agreement. As such, Plaintiff's state law claims – although artfully plead against the Union as "religious discrimination" claims – are preempted by federal labor law.

#### 1. Duty of Fair Representation.

Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 159(a), authorizes a labor organization to act as the exclusive representative of its members for the purposes of collective bargaining. *Madison v. Motion Picture Set Painters and Sign Writers Local 729*, 132 F.Supp.2d 1244, 1256 (C.D.Cal. 2000) (citing *Retana v. Apartment, Motel, Hotel, and Elevator Operators Union, Local No. 14, AFL-CIO*, 453 1018, 1021-22 (9th Cir. 1972)); *see also Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985). Because labor organizations are authorized to act as the exclusive representative of its members, under Section 9(a), labor organizations have a "duty 'to represent all members . . . without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Madison*, 132 F.Supp.2d at 1256 (quoting *Vaca v. Sipes*, 385 U.s. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). The "duty of fair representation" extends to "all representational activity in which the union engages." *Madison*, 132 F.Supp.2d at 1256. Federal law defines the duty of fair representation, since its is derived from Section 9(a) of the NLRA; and as such, "preempts the application of state substantive law that seeks to regulate conduct within its ambit." *Id*.

In deciding whether or not "state law claims assert rights separate from those secured by

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

6

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

the federal duty of fair representation, the court must look to the conduct at the heart of the controversy." *Id*. at 1257. In *Madison*, the plaintiff brought a claim against the defendant Union in state court, alleging, among other things, that the Union discriminated against him, on the basis of race, in violation of the FEHA. *Id*. at 1248. The Union removed the action to federal court as preempted by the duty of fair representation and Section 301 of the LMRA; the Union then moved to dismiss the action arguing that it was barred by the applicable statute of limitations. *Id*.

The *Madison* court examined the "conduct at the heart of the controversy" of the plaintiff's complaint, and held that plaintiff's factual allegations "strongly suggested" that the duty of fair representation preempted plaintiff's claim. *Id*. at 1257. For example, as the *Madison* court noted, the plaintiff pled that the defendant Union failed and refused to properly represent African-American Union members, which, in turn, led to discriminatory hiring procedures. *Id*. Thus, the court held that the gravamen of plaintiff's complaint was that the Union breached its duty of fair representation to plaintiff and other African-American Union members and, as such, plaintiff's state law claims were preempted by federal labor law. *Id*.

Similarly, Plaintiff's state law "religious discrimination" claims against the Union are nothing more than claims that the Union failed and refused to represent Plaintiff and, in doing so, breached its duty of fair representation to her. This conclusion flows directly from Plaintiff's own factual allegations. For example, Plaintiff alleges that several Union Shop Stewards told her that the Union "could not do anything to help her." (Compl. at ¶¶ 16, 17.) Plaintiff alleges that the Union "did nothing to assist plaintiff with her complaint." (*Id*. at ¶ 23.). Indeed, in her charge filed with the DFEH, and attached as an exhibit to her complaint, Plaintiff alleges that the Union "refused to represent [her] . . . in the grievance process." (*Id*. at ¶ 7, Exh. E.) Finally, Plaintiff alleges that despite her repeated requests for Union representation and for the Union to file a grievance on her behalf, the Union advised her that it would, in fact, not represent her or pursue a grievance on her behalf. (*Id*. at ¶ 24.)

Clearly, the "conduct at the heart of the controversy" is whether or not the Union breached its duty of fair representation to Plaintiff when the Union allegedly did nothing to assist her and refused to represent her in the grievance process. Accordingly, Plaintiff's claims are preempted by

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

7

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

federal labor law.

### 2. Section 301 of the LMRA.

Additionally, Section 301 of Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts Plaintiff's claims. The preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement. *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 23 (1982); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987). Section 301 creates jurisdiction for federal district courts over "suits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 184(a). Thus, when a court must look to and interpret a collective bargaining agreement in order to determine the merits of a claim, federal law preempts any state law causes of action. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 486 (1988); *Stallcop*, 820 F.2d at 1068.

This analysis applies to suits sounding in contract as well as tort. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 211, 220 (1985); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142 (9th Cir. 1988) (holding that state law tort claim for emotional distress is preempted). The United States Supreme Court has specifically held:

> When resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a section 301 claim . . . or dismissed as preempted by federal labor contract law.

The incidents alleged by Plaintiff that give rise to her claims all revolve around the nature of Plaintiff's interactions with the Union and its agents, regarding her complaints against the employer and the grievance procedure . Plaintiff essentially alleges that the actions of the Union (i.e. the Union's failure to properly represent her) caused her to be denied her vacation request, and, ultimately, caused her to lose her job. (*See* Compl. at ¶ 25.) As the nature and quality of those interactions are based on the limits of what the Union did and did not do for Plaintiff under the CBA, her claim is preempted by Section 301. Therefore, Plaintiff's claims are preempted by Section 301, and should be dismissed.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

B. **PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY THE SIX-MONTH STATUTE OF LIMITATIONS.**

Since the essence of Plaintiff's claims, regardless of their title in pleading, is that the Union breached its duty of fair representation, the applicable statute of limitations is six months. *See DelCostello v. IBT*, 462 U.S. 151, 154, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Madison*, 132 F.Supp.2d at 1260. The statute of limitations begins to run "'when an employee knows or should know of the alleged breach of duty of fair representation by a union.'" *Madison*, 132 F.Supp.2d at 1260 (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986)).

Here, Plaintiff alleges that as early as November or December 2006, the Union allegedly told her that it would not assist or represent her. (Compl. at ¶¶ 16-17.) On January 17, 2007, after she was terminated, Plaintiff alleges that a Union Shop Steward refused to represent her and file a grievance on her behalf.[1] (*Id.* at ¶ 23.) Plaintiff further alleges, that a third time, on August 2, 2007, the Union stated to her that it would not represent her or pursue a grievance on her behalf. (*Id.* at ¶ 24.) Yet Plaintiff did not file her Complaint until on or about March 7, 2008.

In other words, Plaintiff waited nearly a year and a half after she first knew or should have known that the Union would not represent her to file a lawsuit against the Union. Certainly, by January 17, 2007, Plaintiff knew or should have known that the Union would not represent her or pursue her grievance, because according to Plaintiff's allegations, the Union told her it would not represent her in the grievance process. (*See id.* at ¶ 23.) Even if the Court used January 17, 2007 as the date that the six-month statute of limitations began to run, Plaintiff's complaint still remains barred by the statute of limitations. In fact, even if the Court used August 2, 2007 as the date that the statute of limitations began to run, the result remains the same. Whichever date is used, Plaintiff's Complaint is barred by the six-month statute of limitations. It is, therefore, respectfully requested that Plaintiff's Complaint be dismissed or, alternatively, the Court grant the Union summary judgment.

---

[1] Although the Court must assume Plaintiff's well-pleaded allegations as true for the purposes of a motion to dismiss under 12(b)(6), the Union did file a grievance on behalf of Plaintiff. (Smith Decl. at ¶ 5.) That is why the Union notified her on August 2, 2007 that it decided it would not longer pursue her grievance because the grievance lacked merit. (*Id.* at ¶ 6, Exh. A.)

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

9
SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA

### C. THE UNION DID NOT BREACH ITS DUTY OF FAIR REPRESENTATION TO PLAINTIFF.

Even if the Court finds that Plaintiff's claims can somehow survive the six-month statute of limitations for duty of fair representation or Section 301 claims, the Union should be granted summary judgment because it did not breach its duty of fair representation to Plaintiff. Union discretion is very broad under the duty of fair representation doctrine. *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) (citing to *Johnson v. USPS*, 756 F.2d 1461, 1465 (9th Cir. 1985). For a Union to have breached its duty of fair representation evidence must show that the Union acted in an "arbitrary, discriminatory, or bad faith manner." *Vaca v. Sipes*, 386 U.S. 171, 207 (1967); *Peterson*, 771 F.2d at 1253.

In the instant case, the Union attempted to help Plaintiff maker her pilgrimage a reality. For example, the Union worked with Plaintiff and her manager with respect to her vacation requests. Despite her low seniority and the needs of the department, Plaintiff received twenty-three of the twenty-eight days of vacation that she requested. (*See* Smith Decl. at ¶¶ 7-8.) The bulk of those vacation days falling in the month of December, a busy month for holidays.

While several Shop Stewards did warn Plaintiff that if she did not report to work on the days that she was not approved for vacation, then she could be terminated. (*Id*. at ¶ 7.) Plaintiff did not heed this warning. In fact, after the pilgrimage ended on December 30, 2006, Plaintiff failed to answer several letters and failed to report to work. (*See id*. at ¶¶ 9-12, Exhs. B-F.)

Contrary to Plaintiff's allegations, the Union initially filed a grievance on her behalf on or about January 23, 2007. (*Id*. at ¶ 5.) However, the Union later concluded, on August 2, 2007, that the grievance lacked merit due to Plaintiff's failure to report to work for several weeks. (*Id*. at ¶ 6, Exh. A.) Plaintiff was then given an opportunity to appeal the Union's decision not to further pursue her grievance; the appeal was then heard by Union's Steward Council, comprised of her co-workers, who have been elected as stewards. The Steward Council denied Plaintiff's appeal. (Compl. at ¶ 24.)

Given that the Union's decision not to pursue Plaintiff's grievance should be given broad discretion, and that the Union choose not to pursue her grievance because it lacked merit, the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Union should be granted summary judgment.

## V. CONCLUSION

Despite Plaintiff's artfully pled complaint, the "conduct at the heart of the controversy" is involves whether or not the Union breached its duty of fair representation to Plaintiff. Plaintiff's claims are therefore preempted by the duty of fair representation. In addition, Plaintiff's claims are preempted by Section 301 of the LMRA because Plaintiff's claims require the Court to look to and interpret the parties' collective bargaining agreement. Accordingly, whether preempted by the duty of fair representation or Section 301, Plaintiff's claims are barred by the six-month statute of limitations for such claims. As such, Plaintiff's claims should be dismissed, without leave to amend, for failure to state a claims of which relief can be granted under Rule 12(b)(6 of the Federal Rules of Civil Procedure. Alternatively, even if Plaintiff's claims can somehow survive the statute of limitations, the Union should be granted summary judgment because there is no material fact in dispute and the Union is entitled to judgment as a matter of law.

Dated: April 8, 2008

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation


By:   /s/ BRUCE A. HARLAND
       WILLIAM A. SOKOL
       BRUCE A. HARLAND
       Attorneys for Defendant
       SEIU, UNITED HEALTHCARE WORKERS – WEST

118636/489417

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

11

SEIU, UHW's Notice of and Memorandum in Support of Motion to Dismiss, Case No. C-08-01783 WHA