HANSON BRIDGETT LLP
PATRICK M. GLENN - 141604
pglenn@hansonbridgett.com
SAMANTHA D. TAMA - 240280
stama@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
The Permanente Medical Group, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SHAMANEEN Z. KHAN,<br><br>        Plaintiff,<br><br>v.<br><br>THE PERMANENTE MEDICAL GROUP, Incorporated, a California Corporation, SEIU - United Healthcare Workers-West, a California Corporation and Does 1-50, inclusive.<br><br>        Defendants. | No. C 08-01783 WHA<br><br>**DEFENDANT THE PERMANENTE MEDICAL GROUP, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

    1.  Defendant The Permanente Medical Group, Inc. ("TPMG") admits that it is a California corporation doing business in the County of Alameda.  As to the remaining allegations of the paragraphs of the Complaint, those allegations are legal conclusions to which no answer is required.  To the extent an answer may be required, Defendant denies the allegations as untrue.

    2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

    3.  Defendant neither admits nor denies the allegations contained in Paragraph 3 of the Complaint for the reason that such allegations are legal conclusions to which no

- 1 -

answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 3 of Plaintiff's Complaint.

4. Defendant neither admits nor denies the allegations contained in Paragraph 4 of the Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 4 of Plaintiff's Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant neither admits nor denies the allegations contained in Paragraph 8 of the Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 8 of Plaintiff's Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint as untrue.

/ / /

/ / /

## FIRST CAUSE OF ACTION
(As to Both Defendants)
(Religious Discrimination)

28. Defendant incorporates its answers to Paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Defendant neither admits nor denies the allegations contained in Paragraph 29 of the Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint as untrue.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint as untrue.

## SECOND CAUSE OF ACTION
(As To Both Defendants)
(Failure to Accommodate)

32. Defendant incorporates its answers to Paragraphs 1-31 of the Complaint as if fully set forth herein.

33. Defendant neither admits nor denies the allegations contained in Paragraph 33 of the Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 33 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
(As To Both Defendants)
(Failure to Prevent Religious Discrimination)

34. Defendant incorporates its answers to Paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint as untrue.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint as untrue.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint as untrue.

### FOURTH CAUSE OF ACTION
(As To Defendant Kaiser Only)
[Wrongful Termination In Violation Of Public Policy]

38. Defendant incorporates its answers to Paragraphs 1-37 of the Complaint as if fully set forth herein.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint as untrue.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint as untrue.

### DECLARATORY RELIEF ALLEGATIONS

41. Defendant incorporates its answers to Paragraphs 1-40 of the Complaint as if fully set forth herein.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint as untrue.

43. Defendant neither admits nor denies the allegations contained in Paragraph 43 of the Complaint for the reason that such allegations are legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies each and every material allegation in Paragraph 43 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

Defendant alleges that neither the complaint nor any purported cause of action alleged therein state facts sufficient to constitute a cause of action against Defendant.

/ / /

/ / /

DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES (CASE NO. C 08-01783 WHA)

1445883.2

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that Plaintiff's claims are barred in whole, or in part, to the extent Plaintiff has failed to comply with the applicable statutes of limitation in California Government Code sections 12960 and 12965, California Code of Civil Procedure sections 335.1 and 337, 338, 339, and/or 340, and Labor Code section 203.

## THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

Defendant alleges that Plaintiff's claims are barred in whole, or in part, to the extent Plaintiff has failed to exhaust applicable administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Collective Bargaining Agreement Remedies)

Defendant alleges that Plaintiff's claims are barred in whole or in part by her failure to exhaust remedies under the collective bargaining agreement between her union and Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Unreasonable Accommodation and Undue Hardship)

Defendant alleges that Plaintiff's religious discrimination claims are barred because Plaintiff's alleged request(s) for accommodation were unreasonable and would have placed an undue hardship upon Defendant's ability to conduct its business.

## SIXTH AFFIRMATIVE DEFENSE

(Reasonable Accommodation)

Defendant alleges that Plaintiff's religious discrimination claims are barred because Defendant attempted reasonably to accommodate Plaintiff's religious beliefs.

## SEVENTH AFFIRMATIVE DEFENSE

(Exclusive Remedy of Workers' Compensation Act)

Defendant alleges that it has satisfied the conditions of the California Workers' Compensation Act, California Labor Code Section 3706. Therefore, Plaintiff's claims for

emotional distress damages are barred by the exclusive remedial provisions of California Labor Code sections 3600, et seq.

### EIGHTH AFFIRMATIVE DEFENSE

(Equitable Defenses)

Defendant alleges that Plaintiff's claims are barred by the equitable doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE

(Additional Defenses)

Because this Complaint is vague, ambiguous, and couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses to the extent such defenses are applicable.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by this action;

2. That judgment be entered in Defendant's favor;

3. That Defendant recovers its costs in this proceeding, including reasonable attorneys' fees; and

4. That the Court grant such other and further relief as it deems appropriate.

DATED: April 10, 2008

HANSON BRIDGETT LLP

By: _____
PATRICK M. GLENN
Attorneys for Defendant
The Permanente Medical Group, Inc.