WILLIAM A. SOKOL, Bar No. 072740
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Defendant
SEIU, UNITED HEALTHCARE WORKERS–WEST

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAMANEEN Z. KHAN<br><br>    Plaintiff,<br><br>   v.<br><br>THE PERMANENTE MEDICAL GROUP, INCORPORATED, a California Corporation; SEIU, UNITED HEALTHCARE WORKERS – WEST, a California Corporation and DOES 1-50, INCLUSIVE<br><br>   Defendants. | No.   C-08-01783 WHA<br><br>**SEIU, UNITED HEALTHCARE WORKERS – WEST'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**<br><br>[FED.R.CIV.PROC. 12(b)(6)]<br><br>Date:  June 19, 2008<br>Time:  8:00 a.m.<br>Judge:  William H. Alsup<br>Courtroom:   9, 19th Floor |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................................... 2

III. LEGAL STANDARD ....................................................................................................... 3

IV.  LEGAL ARGUMENT ...................................................................................................... 4

    A.  Plaintiff's Complaint As To The Union Is Completely Preempted
        By Federal Labor Law .............................................................................................. 4

        1.  Plaintiff's Complaint Is Completely Preempted As To The Union
            By The Federal Duty Of Fair Representation ................................................. 4

        2.  Plaintiff's Complaint Is Completely Preempted As To The Union
            By Section 301 Of The LMRA ...................................................................... 9

    B.  Because Plaintiff's Compaint Is Completely Preempted As To The
        Union, It Should Be Dismissed Because It Is Barred By The Six-
        Month Statute Of Limitations .................................................................................13

    C.  Even If The Court Grants Plaintiff's Motion To Remand, The
        Court Should Deny Her Request For Attorney's Fees ..........................................13

V.   CONCLUSION ................................................................................................................14

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

# TABLE OF AUTHORITIES

**Federal Cases**

*ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*,
    213 F.3d 1108 (9th Cir. 2000) ............................................................................... 3

*Audette v. ILWU*,
    195 F.3d 1107 (9th Cir. 1999) ............................................................................. 10

*Balcorta v. Twentieth Century-Fox Film Corp.*,
    208 F.3d 1102 (9th Cir. 2000) ............................................................................. 13

*BIW Deceived v. Local S6, Indus. Union of Maine & Shipbuilding Workers of Am.*,
    132 F.3d 824 (1st Cir. 1997) ....................................................................... 1, 5, 6

Caterpillar, Inc. v. Williams,
    482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ........................................ 3, 6

*Cook v. Lindsay Olive Growers*,
    911 F.2d 233 (9th Cir. 1990) ......................................................................... 11, 12

DelCostello v. IBT,
    462 U.S. 151, 154, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) .................................... 13

*Franchise Tax Bd. v. Laborers Vacation Trust*,
    463 U.S. 1 (1982) ................................................................................................. 9

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ................................................................................. 3

*Lingle v. Norge Div. of Magic Chef, Inc.*,
    486 U.S. 399 (1988) ............................................................................................. 9

*Madison v. Motion Picture Set Painters & Sign Writers*,
    132 F.Supp.2d 1244 (C.D.Cal. 2000) ............................................................. passim

*Metropolitan Life Ins. Co. v. Taylor*,
    481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) ............................ 5

*Miller v. AT&T Techs., Inc.*,
    850 F.2d 543 (9th Cir. 1988) ..................................................................... 9, 11, 12

*Milne Employees Ass'n v. Sun Carriers, Inc.*,
    960 F.2d 1401, 1406 (9th Cir. 2001) ............................................................. 5, 6, 9

*Richardson v. United Steelworkers*,
    864 F.2d 1162 (5th Cir. 1989) ............................................................................... 6

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ......................................... 3

*Stallcop v. Kaiser Found. Hosps.*,
    820 F.2d 1044, 1048 (9th Cir. 1987) .................................................................... 9

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

**Federal Statutes**

28 U.S.C. § 1441(a) ..................................................................................................................3

28 U.S.C. § 1441(b) ..................................................................................................................5

28 U.S.C. §§ 1331.....................................................................................................................3

29 U.S.C. § 184(a) ....................................................................................................................9

29 U.S.C. § 185 ........................................................................................................................1

**Federal Rules**

FED.R.CIV.PROC. 12(b)(6) .....................................................................................................1

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

iii

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

# I. INTRODUCTION

On or about May 7, 2008, Plaintiff Shamaneen Z. Khan filed a Motion for Remand and an Opposition to Defendant SEIU, United Healthcare Workers – West's ("UHW's" or the "Union's") Motion to Dismiss. Although Plaintiff characterizes her claims against the Union as claims for "religious discrimination," her Complaint is nothing more than a series of claims alleging that the Union refused to *represent* her and refused to file a grievance on her behalf under the collective bargaining agreement between the Union and Defendant The Permanente Medical Group ("TPMG"). As such, her Complaint as to the Union is completely preempted by federal labor law on two separate and independent grounds: (1) because it essentially alleges that UHW breached its duty of fair representation; and (2) because it requires the Court to interpret and apply the collective bargaining agreement between the Union and TPMG.

Even though Plaintiff may be the "master of her complaint," Plaintiff's complaint challenges the Union's representational activities, alleging that the Union refused to *represent* her for discriminatory reasons. Plaintiff's state law claims of discrimination are, therefore, completely preempted by the duty of fair representation. Her claims "must be recharacterized under the artful pleading doctrine as arising under federal law." *Madison v. Motion Picture Set Painters & Sign Writers*, 132 F.Supp.2d 1244, 1256 (C.D.Cal. 2000). The artful pleading doctrine enables the Court "to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to act accordingly." *BIW Deceived v. Local S6, Indus. Union of Maine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997) (citing *Fed. Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2, 101 S.Ct. 2424, 247 n.2, 60 L.Ed.2d 103 (1981)).

In her Motion for Remand, Plaintiff focuses exclusively on the Union's argument that Section 301 of Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts her claims, while ignoring the Union's other argument that her Complaint is preempted by the duty of fair representation. As a result, Plaintiff completely ignores the artful pleading doctrine, applicable case law, and her own allegations in which she claims that the Union "did nothing to assist her"

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

and "refused to represent [her] . . . in the grievance process." (Compl. at ¶¶ 7, 16-17, 23 & Exh. E; Decl. of Shamaneen Z. Kahn at ¶¶ 7, 11.) State law discrimination claims are preempted by the duty of fair representation whenever such claims "invoke[] rights derived from the Union's duty of representation." *See Madison*, 132 F.Supp.2d at 1257 (quoting *Cash v. Chevron Corp.*, 1999 WL 1075151, 162 L.R.R.M. 2892, 2894 (N.D.Cal. Oct. 4, 1999)). Since Plaintiff's Complaint challenges the Union's representational activities, her Complaint is preempted by the federal duty of fair representation doctrine.

Plaintiff's Complaint is also preempted on a second and independent ground. Plaintiff's claims are preempted by Section 301 of the LMRA, because they will require the Court to interpret the parties' collective bargaining agreement. The Court must not only determine whether the Union had an obligation to file a grievance under the collective bargaining agreement, but whether a grievance filed on behalf of Plaintiff would have had any merit. To answer these questions, the Court must interpret several provisions of the collective bargaining agreement, including provisions dealing with seniority, termination, and vacation.

Whether preempted by the duty of fair representation and/or Section 301 of the LMRA, Plaintiff's Complaint is barred by the statute of limitations, because Plaintiff failed to bring her claims within six-months of the Union's alleged failure to represent her. Accordingly, the Court should deny Plaintiff's Motion for Remand and grant the Union's Motion to Dismiss because Plaintiff's Complaint is completely preempted as to the Union by federal labor law and is barred by the applicable statute of limitations.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The parties have already briefed the factual background of this case in their earlier pleadings; the Union did so in its Motion to Dismiss, and the Plaintiff did so in her Motion for Remand and Opposition to UHW's Motion to Dismiss. (*See* Defs. Mtn. to Dismiss at pp. 3-5; Plfs. Mtn. for Remand at pp. 6-7.) In sum, Defendant TPMG terminated Plaintiff, who was a member of the Union, and Plaintiff requested that the Union represent her and file a grievance on her behalf protesting her termination. However, the Union allegedly refused to represent Plaintiff in the

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

2

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

grievance process, and ultimately decided not to pursue her grievance. (Plfs. Compl. at ¶¶ 7, 16-17, 23, 24 & Exh. E.) Plaintiff, who is a devout Muslim, claims that the Union discriminated against her on the basis of her religion, when it refused to represent her and file a grievance on her behalf.

On or about May 7, 2008, in response to the Union's Notice of Removal and Motion to Dismiss, Plaintiff filed a combined Motion for Remand and Opposition to Defendant UHW's Motion to Dismiss. The parties stipulated to consolidate the hearing on Plaintiff's Motion for Remand with the hearing on Defendant's Motion to Dismiss. In addition the parties stipulated to briefing schedule. The Court adopted both stipulations and issued an order to that effect, dated May 12, 2008.

### III.   LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action from state court to federal district court, if the district court has original jurisdiction over the matter. A district court has original jurisdiction if (1) complete diversity exists between the parties or (2) where there is a federal question presented. 28 U.S.C. §§ 1331, 1332. The burden is on the removing party to establish federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

When considering if removal is proper, the district court first determines whether, on the face of the plaintiff's complaint, a federal question exists. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). If not, then the district court may determine whether or not an exception exists to a plaintiff's well-pleaded state-law claim, such as "(1) where federal law completely preempts state law, (2) where the claim is necessarily federal in character, or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

3

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

## IV. LEGAL ARGUMENT

### A. PLAINTIFF'S COMPLAINT AS TO THE UNION IS COMPLETELY PREEMPTED BY FEDERAL LABOR LAW.

In UHW's Motion to Dismiss, the Union asserts two independent and separate grounds by which federal law completely preempts Plaintiff's Complaint as to the Union. First, under the artful pleading doctrine, Plaintiff's Complaint is preempted by the federal duty of fair representation doctrine, because Plaintiff is essentially alleging that the Union breached its duty of representation to her when the Union discriminated against her by refusing to represent her and failed to file a grievance on her behalf.

Second, and independent from the first ground, Plaintiff's Complaint is preempted by Section 301 of the LMRA because her claims require the Court to determine whether the Union was obligated to file a grievance under the collective bargaining agreement and whether Plaintiff's claim would have had merit. In her Motion for Remand and Opposition to Motion Dismiss, Plaintiff ignores the first ground and addresses only the second ground. Whether the Court accepts one or both grounds, Plaintiff's Complaint is completely preempted as to the Union, and her Complaint should be dismissed as time-barred.

#### 1. Plaintiff's Complaint Is Completely Preempted As to the Union By the Federal Duty of Fair Representation.

Rather than even attempt to address the Union's argument that the federal duty of fair representation preempts Plaintiff's Complaint, Plaintiff simply ignores it.[1] In doing so, Plaintiff ignores the only cases that are directly on point, and relies on cases that involve discrimination claims against employers, not Unions, and exclusively involve issues of preemption under Section 301. Yet Plaintiff's claims require a different analysis, given that Plaintiff is alleging that the Union discriminated against her by refusing to represent her and failing to pursue a grievance on

---

[1] In her Motion to Remand and Opposition to Motion to Dismiss, Plaintiff decided to either focus exclusively on the Union's Section 301 argument or confused the Union's Section 301 argument with the Union's duty of fair representation argument. As the case law demonstrates, each argument represents an independent and separate ground for preemption. *See*, *eg.*, *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F.Supp.2d 1244, 1250-1256 (C.D. Cal. 2000) (citing cases analyzing both arguments).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

her behalf.

Federal law authorizes labor organizations to act as the exclusive representative of its members. Under Section 9(a) of the National Labor Relations Act ("NLRA"), labor organizations have a "duty 'to represent all members . . . without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Madison v. Motion Picture Set Painters & Sign Writers Local 729*, 132 F.Supp.2d 1244, 1256 (C.D. Cal. 2000) (quoting *Vaca v. Sipes*, 385 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)). The "duty of fair representation" extends to "all representational activity in which the union engages." *Id.* at 1256. Since the duty of fair representation is derived from Section 9(a) of the NLRA, "it is defined solely by federal law . . . and preempts the application of state substantive law that seeks to regulate conduct within its ambit." *Id.*

Under 28 U.S.C. § 1441(b), a defendant may remove from state to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties of laws of the United States shall be removable without regard to the citizenship or residence of the parties." Generally, "the well-pleaded complaint rule . . . prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997). The effect of this rule is that "a defendant cannot remove a state law claim to federal court even if a defense, including the defense of preemption, is based on federal law." *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 2001).

However, even where the defense of preemption may not necessarily give rise to federal jurisdiction, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessary federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Supreme Court has held that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

5

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

1  under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d
2  318 (1987). Various federal courts have found that duty of fair representation claims completely
3  preempt state law. *See*, *eg.*, *BIW Deceived*, 132 F.3d at 824 (finding that duty of fair representation
4  claims completely preempt state law claims); *Richardson v. United Steelworkers*, 864 F.2d 1162
5  (5th Cir. 1989) (same); *Madison*, 132 F.Supp.2d at 1256 (citing a number of federal district court
6  cases for the same proposition).

7       A plaintiff "cannot avoid removal by 'artfully pleading' only state law claims" that are
8  actually preempted by federal claims. *Milne*, 960 F.2d at 1406. Indeed, the "artful pleading
9  doctrine" is an exception to the well-pleaded complaint doctrine, enabling the Court "to look
10 beneath the face of the complaint to divine the underlying nature of a claim, to determine whether
11 the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors, and to
12 act accordingly." *BIW Deceived*, 132 F.3d at 831 (1st Cir. 1997) (citing *Fed. Dep't Stores, Inc. v.
13 Moitie*, 452 U.S. 394, 397 n.2, 101 S.Ct. 2424, 247 n.2, 60 L.Ed.2d 103 (1981)); *Milne*, 960 F.2d at
14 1406. Thus, "state law claims challenging a union's representational activities must be
15 recharacterized under the artful pleading doctrine as arising under federal law." *Madison*, 132
16 F.Supp.2d at 1256.

17      In order to determine whether or not "state law claims assert rights separate from those
18 secured by the federal duty of fair representation, the court must look to the conduct at the heart of
19 the controversy." *Madison*, 132 F.Supp.2d at 1257. In the Northern District, on at least two
20 occasions and under similar circumstances as the instant case, the court has held that the duty of
21 fair representation preempted a plaintiff's state law discrimination claim.

22      For example, in *Madison*, *supra*, the plaintiff brought a claim against the defendant Union
23 in state court, alleging, among other things, that the Union discriminated against him in violation of
24 the California Fair Employment and Housing Act ("FEHA"). *Madison*, 132 F.Supp.2d at 1248.
25 The Union removed the action to federal court as preempted by the duty of fair representation and
26 Section 301 of the LMRA; the Union then moved to dismiss the action arguing that it was barred
27 by the applicable statute of limitations. *Id*. The court held that plaintiff's factual allegations

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

"strongly suggested" that the duty of fair representation preempted plaintiff's state law discrimination claim. *Id*. at 1257. In reaching this holding, the court noted that the plaintiff alleged that the defendant Union failed and refused to represent African-American Union members, which, in turn, led to discriminatory hiring procedures. *Id*. Thus, the court found that the gravamen of plaintiff's complaint was that the Union breached its duty of fair representation to plaintiff and other African-American Union members; and, as such, the duty of fair representation preempted plaintiff's state law discrimination claim. *Id*.

Similarly, in *Cash v. Chevron*, 1999 WL 1075151 (N.D.Cal. Oct. 4, 1999), several Union members sued their Union in state court, alleging various forms of discrimination in violation of California FEHA. The Defendant Union removed the action to federal court. *Id*. Noting that the "federal duty of fair representation preempts the application of state substantive law which attempts to regulate conduct that falls within the union's duty to represent its members," the *Cash* court found that the duty of fair representation preempted plaintiff's state-law discrimination claims. *Id*. Of particular significance to the court was plaintiff Cash's allegations that his Union refused to submit his grievance, ultimately withdrew his grievance, and "refused to represent him regarding his race and other claims." *Id*.

Here, like *Madison and Cash*, Plaintiff's claims should be recharacterized under the artful pleading doctrine as duty of fair representation claims. Plaintiff, like the plaintiffs in *Madison* and *Cash*, alleges in her Complaint that various Union Shop Stewards told her that the Union "could not do anything to help her." (Compl. at ¶¶ 16, 17.) Plaintiff further alleges that the Union failed to represent her, by doing "nothing to assist . . . [her] with her complaint" of discrimination and unjust termination. (*Id*. at ¶ 23.). Moreover, in the charge she filed with the California Department of Fair Employment and Housing ("DFEH"), and attached as an exhibit to her Complaint, Plaintiff alleges that the Union "refused to represent [her] . . . in the grievance process." (*Id*. at ¶ 7, Exh. E.) Finally, Plaintiff alleges that despite her repeated requests for Union representation and for the Union to file a grievance on her behalf, the Union advised her that it would, in fact, not represent her or pursue a grievance on her behalf. (*Id*. at ¶ 24.)

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

7

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

1   Indeed, in her Motion for Remand, Plaintiff acknowledges that she brought her Complaint
2   against the Union because the Union "refused to file a grievance against Defendant [T]PMG on
3   plaintiff's behalf for religious discrimination and wrongful termination."[2] (Plfs. Mtn. for Remand
4   at p. 8, lines 18-20.)  While Plaintiff suggests that she is "only complaining about discriminatory
5   conduct by Defendant UHW and not fair representation," (*Id*. at p. 8, lines 21-22), there is no
6   significant difference between the two concepts in this context.  The essence of Plaintiff's claim is
7   that the Union failed to *represent* her for *discriminatory* reasons, namely because she is a Muslim.
8   Such a claim is the very essence of a breach of duty of fair representation claim.  *See Vaca*, 386
9   U.S. at 177 (establishing that a labor organization has a federal duty to "represent all members . . .
10  without hostility or discrimination" whatever form the discrimination takes).

11   Plaintiff has failed to cite a single case, in the duty of fair representation context, that
12  stands for the proposition that a state law claim challenging a Union's representational activity (as
13  Plaintiff does here) is either not preempted by the duty of fair representation or should not be
14  recharacterized under the artful pleading doctrine.  Nor does Plaintiff attempt to distinguish
15  *Madison* from the instant case.  (*See* Plfs. Mtn. for Remand at p. 8, lines 24-26.)  Rather, Plaintiff
16  relies exclusively on several cases involving Section 301 preemption, which do not involve the
17  duty of fair representation, to argue that her claims are not preempted.  This is not the proper
18  analysis, and any such analysis should be rejected.  The weight of authority suggests that when a
19  Plaintiff brings a state law discrimination claim challenging the Union's representational activity,
20  that claim must be recharacterized as a federal duty of fair representation claim under the artful
21  pleading doctrine.

22   Accordingly, because Plaintiff claims that the Union failed to represent her for
23  discriminatory reasons, her claim should be recharacterized as a duty of fair representation claim,
24  and her Motion for Remand should be denied.

---

[2] Plaintiff also alleges that the Union failed to accommodate her, but that claim is nothing more than a claim that the Union failed to represent her; in any event, it is unconceivable how the Union could have "accommodated" her, given that the Union does not scheduling or whether an employee is granted vacation leave.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

**2.    Plaintiff's Complaint is Completely Preempted As to the Union By Section 301 of the LMRA.**

In addition, and separate from the above analysis, Plaintiff's Complaint is also completely preempted by Section 301 of the LMRA. The preemptive force of Section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement. *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 23 (1982); *Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987). Section 301 creates jurisdiction for federal district courts over "suits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 184(a). A plaintiff "cannot avoid removal by 'artfully pleading' only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act." *Milne Employees Ass'n*, 960 F.2d at 1406. Thus, when a court must look to and interpret a collective bargaining agreement in order to determine the merits of a claim, federal law preempts any state law causes of action. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 486 (1988); *Stallcop*, 820 F.2d at 1068.

Plaintiff is correct that the Ninth Circuit, in *Miller v. AT&T Techs., Inc.*, 850 F.2d 543 (9th Cir. 1988), developed three questions to help evaluate whether Section 301 preempts a state law claim; however, applying the three questions the instant case, Plaintiff incorrectly concludes that Section 301 does not preempt her Complaint. The test developed by the *Miller* court asks three questions:

> (1) whether the CBA contains provisions that govern the actions giving rise to a state claim, and if so, (2) whether the state has articulated a standard sufficiently clear that the state claim can be evaluated without considering the overlapping provisions of the CBA, and (3) whether the state has shown an intent not to allow its prohibition to be altered or removed by private contract. A state law claim will be preempted only if the answer to the first question is "yes," and the answer to either the second or third is "no."

*Miller*, 850 F.2d at 548.

As to the first question, the Court will certainly have to look to and interpret various provisions of the collective bargaining agreement, as Plaintiff has essentially alleged that the Union refused to represent her and failed to file a grievance with respect to her wrongful termination. *See Madison*, 132 F.Supp.2d at 1254 (noting that the answer to the first *Miller* question was "yes,"

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

9
SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

where question was "not whether unambiguous, neutral provisions [of collective bargaining agreement] disparately impacted African-Americans, but whether the Union followed the collective bargaining agreement's procedures in filing the grievance . . . and whether that grievance had merit"); *see also*, *Audette v. ILWU*, 195 F.3d 1107, 1113 (9th Cir. 1999) (finding Section 301 preemption where "resolution of the discrimination . . . claim turn[ed] on defendant's offer of a 'legitimate nondiscriminatory reason' [that it did not have obligation to file grievance,] requiring interpretation of the collective bargaining agreement").

At the very least, the Court will have to determine if the Union followed the proper procedures for filing a grievance, and then determine whether or not Plaintiff's claims had merit. In order to determine the merit, or lack of merit, of Plaintiff's grievance, the Court must necessarily turn to the collective bargaining agreement, particularly the provisions dealing with vacation leave, sick leave, and termination. Declaration of Bruce A. Harland ("Harland Decl.") at ¶ 2, Exh. A.)

Article VIII of the collective bargaining agreement deals with discrimination and prohibits discrimination on the basis of religion. (*Id*.) Article XVI, and paragraph 570 in particular, deals with seniority and requires the employer to maintain seniority lists in each department. (*Id*.) Article XVII deals with paid leaves, vacation leave, and sick leave. Under Article XVII, Section 3, paragraph 768, "[e]mployees in a department shall be given preference on the basis of seniority in the choice of vacation periods." Article XVII, Section 3, paragraph 788 provides that "[v]action will, insofar as possible, be granted at times most desired by Employees (longer service Employees being given preference as to choice based on seniority)." (*Id*.) Paragraph 788 further provides that "[t]he final right to allot vacation periods and the right to change such allotments are reserved to the Employer in order to ensure the orderly operation of the facility." (*Id*.) Finally, Article XXI deals with discipline and discharges; and Article XXIII deals with the grievance and arbitration process. In order for the Court to evaluate whether or not the Union had an obligation to file a grievance on Plaintiff's behalf, the Court must necessarily look to and interpret the above provisions to determine whether the Union has any such obligation. Accordingly, the answer to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

the first *Miller* question is "yes."

Because the answer to the first *Miller* question is "yes," then either the second or third question must be answered in the negative in order for Plaintiff's claim to be preempted by Section 301. In a context similar to that of the present case, the court in *Madison* answered the second question in the negative. There, the plaintiff brought a state law race discrimination claim against the defendant Union. The plaintiff alleged that the defendant Union discriminated against him by filing a grievance against his employer, making him look bad in the eyes of his employer. *See Madison*, 132 F.Supp.2d at 1248. In answering the second question, the court held that

> The question is whether the Union followed the procedures set forth in the CBA for filing such a grievance and whether, under the provisions of the CBA, the grievance had merit. The CBA thus provides a portion of the standard against which [the plaintiff's] . . . claim must be judged, and the statutory prohibition against discrimination cannot be applied independently of the CBA. *Thus, while it is clear that the FEHA imposes a non-negotiable duty upon unions not to discriminate, the legal test utilized to determine whether the Union's action was in fact discriminatory will necessarily involve interpretation of the CBA.*

*Id.* at 1255 (emphasis added).

Similarly the legal test that must be utilized in this matter will necessarily involve interpretation of the CBA. The Court must necessarily turn to the provisions of the CBA, dealing with vacation leave, sick leave, and termination to determine whether the Union discriminated against the Plaintiff by refusing to represent her and by failing to file a grievance on her behalf. As such, the answer to the second *Miller* question is "no," which means that Section 301 preempts Plaintiff's claims.[3]

Plaintiff fails to cite any direct authority to the contrary; in addition, her heavy reliance on *Miller v. AT&T Techs., Inc.*, 850 F.2d 543 (9th Cir. 1988) and *Cook v. Lindsay Olive Growers*, 911 F.2d 233 (9th Cir. 1990) is misplaced. Moreover, Plaintiff's assertion that "[r]emand of plaintiff's solely state anti-discrimination claims to the state court is . . . mandated," (Plfs. Mtn. for Remand at p. 3, lines 9-11), is undercut by the very cases that she cites elsewhere in her brief. *See*, *eg.*,

---

[3] Because the answer to the second question is "no," the Court need not address the three question posed by the *Miller* court.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

11

SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

1  *Miller*, 850 F.2d at 548 (establishing three questions to determine whether discrimination claim is
2  preempted); *Cook*, 911 F.2d at 240-41 (following *Miller* analysis). Each of these cases involve
3  claims of discrimination against employers, not labor organizations, none of these cases involve
4  issues of the duty of fair representation, and, in the final analysis unlike the instant case, each does
5  not require interpretation of the collective bargaining agreement.

6        In *Miller*, for instance, the plaintiff sued her employer for discrimination based on a
7  physical handicap and intentional infliction of emotional stress. *Miller*, 850 F.2d at 545. The
8  defendant employer argued that the plaintiff's claims were preempted because the collective
9  bargaining agreement covering plaintiff's work contained "provisions that offer relief similar to
10 that available in state court." *Id.* The court rejected the defendant employer's argument. Here, the
11 Union has not asserted such an argument. Rather, in this case, the Union asserts that it is necessary
12 for the Court to interpret the collective bargaining agreement in order to determine whether the
13 Union discriminated against Plaintiff by refusing to represent her and process a grievance on her
14 behalf.

15       Likewise, in *Cook*, the plaintiff sued his employer for religious discrimination. There, the
16 employer argued that Section 301 preempted plaintiff's claim because the collective bargaining
17 agreement covering his work provided for similar protection and remedies as state discrimination
18 laws. *Cook*, 911 F.2d at 236. The court rejected this argument because "[e]ven where an employer
19 acts according to a policy applied reasonably to other individuals with different religious beliefs, it
20 might nevertheless violate § 12940(a)." *Id.* at 240. The Union is not making this argument.
21 Instead, the Court will necessarily have to look to and interpret the collective bargaining agreement
22 to determine whether or not Plaintiff's underlying claims had merit because Plaintiff has alleged
23 that the Union discriminated against her by refusing to represent her and failing to process a
24 grievance on her behalf. In this context, the instant case is significantly different from both *Miller*
25 and *Cook*. Thus, because Plaintiff's claims will require the Court to look to and interpret the
26 collective bargaining agreement, her Complaint is preempted by Section 301 of the LMRA.
27 ///
28

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

12
SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA

B. **BECAUSE PLAINTIFF'S COMPAINT IS COMPLETELY PREEMPTED AS TO THE UNION, IT SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE SIX-MONTH STATUTE OF LIMITATIONS.**

Since Plaintiff's claims, regardless of their title in pleading, are preempted by the duty of fair representation and/or Section 301, the applicable statute of limitations is six months. *See DelCostello v. IBT*, 462 U.S. 151, 154, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Madison*, 132 F.Supp.2d at 1260. The statute of limitations begins to run "'when an employee knows or should know of the alleged breach of duty of fair representation by a union.'" *Madison*, 132 F.Supp.2d at 1260 (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986)).

Here, Plaintiff alleges that as early as November or December 2006, the Union allegedly told her that it would not assist or represent her. (Compl. at ¶¶ 16-17.) On January 17, 2007, after she was terminated, Plaintiff alleges that a Union Shop Steward refused to represent her and file a grievance on her behalf. (*Id*. at ¶ 23.) Plaintiff further alleges, that a third time, on August 2, 2007, the Union stated to her that it would not represent her or pursue a grievance on her behalf. (*Id*. at ¶ 24.) Yet Plaintiff did not file her Complaint until on or about March 7, 2008.

Plaintiff does not dispute that if her Complaint is completely preempted as to the Union, then it is barred by the six-month statute of limitations. Instead, the thrust of her argument is that her claims are not preempted and, therefore, a longer statute of limitation period is in effect under FEHA. However, since it is clear that Plaintiff's Complaint is preempted by the duty of fair representation and/or Section 301 of the LMRA, it is respectfully requested that Plaintiff's Complaint be dismissed as barred by the applicable statute of limitations.

C. **EVEN IF THE COURT GRANTS PLAINTIFF'S MOTION TO REMAND, THE COURT SHOULD DENY HER REQUEST FOR ATTORNEY'S FEES.**

The Court should deny the Plaintiff's request for attorney's fees as removal in this instance is inappropriate. However, "even if its is found that removal is wrong as a matter of law, awarding attorney fees and costs may be inappropriate where the removal was 'fairly supportable.'" *Sutter Health v. UNITE HERE*, 2005 WL 1925910, at *6 (E.D.Cal. Aug. 10, 2005) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000)). In *Sutter Health*, the court declined to award attorney's fees and costs to the prevailing party because it understood that

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

the defendant's argument was "fairly supportable" given the complexity of the legal issues involved. As such, even if the Court were to grant Plaintiff's Motion for Remand, it should deny her request for attorney's fees and expenses as the Union's arguments are "fairly supportable."

## V.  CONCLUSION

Despite Plaintiff's artfully pled complaint, the "conduct at the heart of the controversy" involves whether or not the Union breached its duty of fair representation to Plaintiff. Plaintiff's Complaint is therefore completely preempted as to the Union by the duty of fair representation. In addition, Plaintiff's Complaint is completely preempted as to the Union by Section 301 of the LMRA because Plaintiff's claims require the Court to look to and interpret the parties' collective bargaining agreement. Accordingly, whether preempted by the duty of fair representation or Section 301, Plaintiff's Complaint is barred by the six-month statute of limitations. As such, Plaintiff's Motion for Remand should be denied, and her Complaint should be dismissed, without leave to amend, for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, if Plaintiff's claims somehow survived the statute of limitations, the Union should be granted summary judgment because there is no material fact in dispute and the Union is entitled to judgment as a matter of law.

Dated: May 29, 2008

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

By: */s/* BRUCE A. HARLAND
    WILLIAM A. SOKOL
    BRUCE A. HARLAND
    Attorneys for Defendant
    SEIU, UNITED HEALTHCARE WORKERS – WEST

118636/495011

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

14
SEIU, UHW's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Remand and Reply in Support of Motion to Dismiss, Case No. C-08-01783 WHA